## In re GORDON.

## INDIA TIRE & RUBBER CO. v. RETSLOFF.

Circuit Court of Appeals, Ninth Circuit.
February 10, 1930.
No. 5981.

Minor Moore and C. V. Caldwell, both of Los Angeles, Cal., for appellant.

Will M. Tompkins (of Tompkins & Clark), of San Diego, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. Strictly speaking, no question of law is involved, and the issues of fact may be briefly explained. For some time prior to June 18, 1928, Gilbert S. Gordon ran a small gasoline station at San Diego, Cal., and in connection therewith sold automobile tires and other supplies. On the date mentioned he was adjudicated a voluntary bankrupt. From time to time he had made purchases on credit from the appellant, a wholesale tire dealer, and at the time of the adjudication he was indebted to it on that account in the sum of $9,038.54. For this amount it presented to the trustee in bankruptcy a claim in due form, which, after hearing, was disallowed upon the ground that claimant was chargeable with having received a preference. It is conceded that on April 18, 1928, appellant took over from Gordon automobile tires for which credit was given him in the amount of $2,546.84 on his open account, which then exceeded $11,000. For some time Gordon had been ill, his business was in a failing condition, and for a considerable period he had been unable to meet his overdue obligations. It is not controverted that in fact the transaction effected a preference.

In the court below, as here, there were but two questions: (1) Was Gordon insolvent on April 18, 1928? and (2) Did appellant have reasonable cause to believe by so taking over the tires it would receive a preference over other creditors? After hearing the witnesses, the referee answered both questions in the affirmative, and, upon a petition for review, the District Judge reached the same conclusion. We discover no ground for disturbing their findings. Indeed, while the evidence is largely circumstantial, it scarcely leaves room for doubt that Gordon was hopelessly insolvent, and that appellant, not only had reasonable cause to believe, but did in fact believe, that it was receiving a preference. So much concerned was it in putting through the transaction that it agreed to give Gordon credit for more than 25 per cent. in excess of the then market value of the mer-

chandise. Furthermore, after the adjudication, apparently conscious of the weakness of its position, it agreed with another large creditor, who had received a payment under analogous conditions, that, if such other creditor would account to the trustee for what it had received, it also would make restitution. After the other creditor performed the agreement, appellant repudiated it. To go into all the circumstances bearing upon the issues would only prolong the discussion to no useful end.

The order appealed from is affirmed.